**Edna W. WYATT and George E. Wyatt, Sr., Plaintiffs,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Edna W. WYATT et al., Plaintiffs,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Civ. A. Nos. 1851, 1857.**

United States District Court
D. Delaware.
Jan. 2, 1958.

See also 154 F.Supp. 143.

James R. Morford, Wilmington, Del., for plaintiffs.

C. W. Berl, Jr., and Blaine T. Phillips (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

LAYTON, District Judge.

So far as I am able to ascertain, this is a case of first instance. Some of plaintiffs' arguments are persuasive in theory but the plain fact is that, without a single precedent, this Court is being urged to chart a hitherto unplotted and, I suspect, dangerous course.

The theory of stare decisis cannot govern here. That rule relates to pure principles of law by which the con-

**504**

duct of men is governed under all circumstances, not to a decision based upon a mixed question of law and fact involving some purely local matter. For instance, it is axiomatic that a master is responsible for the torts of his chauffeur committed while driving his automobile. And this principle, or rule, is as applicable in New Castle County as in Sussex and, subject to a few familiar exceptions, governs under any imaginable factual setting. However, simply because Nassau crossing may be hazardous does not mean that, as a matter of law, some other Pennsylvania Railroad crossing, free from all objects obstructing the vision and guarded by a watchman, visual light signals and gates is dangerous. Nor does it mean that the same (Nassau) crossing at some other time of the day and year is necessarily as hazardous as on May 20, 1955.

Moreover, whatever may be the result if it could be proved that the conditions at Nassau crossing at the time of the accident in the case at bar were identical in all respects [1] with that crossing on the night of May 20, 1955, the important fact remains that in this case the seasons were entirely different, resulting in sharply different foliage setting.[2]

Again, I am not persuaded that plaintiffs' motion should be allowed either upon the principle of res adjudicata or estoppel. The parties are different and there is no privity or mutuality between the plaintiffs in the Evans cases and the plaintiffs here. That there are certain important factual differences in the cases has already been commented on. Moreover, the issues are different to some extent for while in the Evans cases the theory of recovery was based solely upon negligence, in this case there is also present the issue of punitive damages based upon malice express or implied. Nor do those cases holding that a judgment of guilt in a criminal prosecution is admissible in a subsequent civil proceeding based upon the same circumstances support plaintiff for the simple reason that, regardless of the state of the law elsewhere, Delaware does not subscribe to this view. Jarvis v. Manlove, 5 Har.Del., 452.

It is my opinion that Judge Wright in the Evans cases had no intention of extending the conclusion of law in question any further than to those cases. Insofar as concerns those cases, such a finding was the law of the cases but no more. Actually, as I view it, the conclusion amounted more to a finding of an ultimate fact than a conclusion of law with the far-reaching consequences urged upon me by plaintiffs here.

*Their motion is denied.*

1. No decision on that proposition is required here but in that connection, the language of the Ninth Circuit Court of Appeals in Partos v. Pacific Coast S. S. Co., 95 F.2d 738, 742, is significant: "Even if, on the identical complicated probative facts and contradictory testimony in another case * * *, another court found seaworthiness as an ultimate fact, it would not prevent us from weighing the evidence and making the contrary finding."

2. The Evans accident happened on May 20, 1955, while the accident in this case happened on December 1, 1955. Other differentiating physical facts are (a) that the traffic pattern on Route 14, a road leading to communities which are primarily summer resorts, was approaching its highth on May 20th, but its very depth on December 1, 1955, and (b) evidence in the record of this case that a trainman on the caboose had a lighted, red flare, while in the Evans cases there was no such fact.